McDONNELL v. EATON.[1]

(*Circuit Court, E. D. Texas.* November, 1883.)

1. EQUITY PLEADING—PARTIES IN EQUITY.
   In a suit to invalidate a marriage settlement in favor of a dead person, and to set aside her will, her heirs at law are parties in interest, and necessary parties to the suit.

2. SAME—MULTIFARIOUSNESS.
   Where two distinct subjects are embraced in the bill, viz., the annulment of a marriage settlement and the annulment of a will, the necessary parties to the suit may be the same, but their interests and attitude are decidedly at variance, and the bill is bad for multifariousness.

3. PRACTICE IN FEDERAL COURTS.
   If such a bill had been originally filed in this court, the demurrer would have been simply sustained; but as the case was brought in the state court, where

[1] Reported by Joseph P. Hornor, Esq , of the New Orleans bar.

it is probable the practice would warrant the joinder of the several subjects included in the bill, the complainant was allowed to reform his pleadings so as to conform to the equity rules and general chancery practice of the federal courts.

In Equity. On demurrer.

*Ballinger & Mott,* for complainant.

*Mr. Scott* and *Scott & Levi,* for defendant.

PARDEE, J. The suit is one to set aside a marriage settlement made by complainant in favor of Mary Agnes Eaton and defendant, Stephen V. Eaton; and also to annul a will purporting to have been made by Mary Agnes Eaton in favor of Stephen V. Eaton. Mary Agnes Eaton died without issue. Her heirs at law are the present complainant, the present defendant, and decedent's brothers and sisters. The only party defendant is Stephen V. Eaton. The other heirs at law of Mary Agnes Eaton are neither made parties nor accounted for. The bill is demurred to for want of proper parties and for multifariousness. It seems to be clearly defective for want of parties. As Mary Agnes Eaton is dead, it is absolutely necessary that in order to invalidate a marriage settlement made in her favor the parties in interest, to-wit, her heirs, must have their day in court. The heirs at law of Mary Agnes Eaton are also necessary parties to the suit, so far as it has for an object the annulling of her last will and testament.

The demurrer seems also well taken on the ground of multifariousness. Two distinct subjects are embraced in the bill, to-wit, the annulment of a marriage settlement and the annulment of a will. In these two matters the necessary parties to the suit may be the same, but their interests and attitude are decidedly at variance. The heirs of Mary Agnes Eaton are interested with the complainant, McDonnell, to annul and avoid the will, and against him and with defendant, Eaton, to sustain the marriage settlement. If the bill had been originally filed in this court we would simply sustain the demurrer. But as the case was brought in the state court, where it is probable the practice would warrant the joinder of the several subjects included in the bill, we will order that complainant reform his pleading so as to conform to the equity rules of this court and the general chancery practice in the federal courts.

This order practically sustains the demurrer; the costs thereof will therefore be taxed to complainant.

MORRILL, J., concurs.